A. Nicholas Georggin, Esq. (SBN 170925)
nick@georgginandgeorggin.com
Steven D. Sperling, Esq. (SBN 188709)
steve@georgginandgeorggin.com
**GEORGGIN & GEORGGIN**
30212 Tomas, Suite 365
Rancho Santa Margarita, CA 92688
(949) 713-1610

Attorneys for Plaintiff,
Cameron Robert Lopez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON ROBERT LOPEZ<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; JOHN McMAHON, individually, and as the Sheriff-Coroner of the San Bernardino County Sheriff's Department; SCOTT THEIS, individually, and as a Sergeant for the San Bernardino County Sheriff's Department; KEVIN GRISHOW, individually, and as Deputy for the San Bernardino County Sheriff's Department, Badge No.: 62482; CITY OF FONTANA; LIVE NATION ENTERTAINMENT, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>Deprivation of Civil Rights [42 U.S.C. § 1983]<br><br>Violation of Civil Rights [42 U.S.C. § 1983]<br><br>Supervisor Liability [42 U.S.C. § 1983]<br><br>*Monell* Claim [42 U.S.C. § 1983]<br><br>Assault and Battery<br><br>Negligence<br><br>Negligent Misrepresentation<br><br>Violation of State Civil Rights [Cal. Civ. Code § 51.7]<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.       This Court has original jurisdiction over this action for damages under 42 U.S.C. § 1983, the United States Constitution, the laws of the State of California, and common law principles, to redress a deprivation under color of state law of the rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

2.       Venue is proper in the Court because the parties reside in California, and all incidents, events and occurrences giving rise to this action occurred in the Central District of California.

## PARTIES

3.       Plaintiff, CAMERON ROBERT LOPEZ, ("LOPEZ" or "Plaintiff"), at all times herein mentioned, is a resident of the County of Orange, State of California.

4.       Defendant, County of San Bernardino (the "COUNTY"), is an incorporated municipality organized and existing under the laws of the State of California and wholly located within the State of California. At all times herein mentioned, Defendant COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Bernardino County Sheriff's Department (the "SBCSD"), and particularly said Department's Patrol, Internal Investigations, Training, and Personnel Divisions and other operations and subdivisions presently identified to Plaintiff, and their tactics, methods, practices, customs, and usages related to their dealings with the use and deployment of dangerous weapons, the use of force, the powers of arrest by its rank and file, internal investigations, personnel supervision and meaningful records review and maintenance.  The SBCSD is the law enforcement agency operating under the jurisdiction of the COUNTY. The SBCSD provides law enforcement

2

services to the unincorporated areas of the COUNTY, contract law enforcement services to fourteen of the COUNTY's cities and operates the COUNTY's jail system, including, the West Valley Detention Center.

5.     Defendant, JOHN McMAHON ("McMAHON"), is the Sheriff-Coroner of the SBCSD.  He maintained this position at all times relevant to these claims.  In doing the things alleged herein, McMAHON, acted under color of state law, and within the course and scope of his employment, and as an official policy maker for the COUNTY. As Sheriff-Coroner of the SBCSD, McMAHON, is vested with policy-making authority over the actions of Defendants, as identified in this Complaint.

6.     Defendant, Sergeant SCOTT THEIS (THEIS") is a Supervisor with the SBCSD. He maintained this position at all times relevant to these claims.  In doing the things alleged herein, THEIS acted under color of state law, and within the course and scope of his employment with the COUNTY.

7.     Defendant, KEVIN GRISHOW ("GRISHOW"), is a Deputy for the SBCSD, Badge No.: 62482.  He maintained this position at all times relevant to these claims.  In doing the things alleged herein, GRISHOW, acted under color of state law, and within the course and scope of his employment with the COUNTY.

8.     Defendant, City of Fontana ("FONTANA"), is an incorporated municipality organized and existing under the laws of the State of California and wholly located within the State of California. At all times herein mentioned, PLAINTIFF is informed and believes and thereon alleges that Defendant FONTANA owned and/or controlled the Fontana Speedway and had the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Fontana Speedway, including, but not limited to the security policies and procedures, medical treatment, and detention and/or expulsion of guests.

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

9.     Defendant, LIVE NATION ENTERTAINMENT, INC. ("LIVE NATION"), is an events promoter and venue operator with its headquarters located in Beverly Hills, California.  At all times relevant to these claims, LIVE NATION owned and operated the Hard Summer Music Festival (hereinafter referred to as the "Event") in San Bernardino County, California.

10.     Defendant, DOE 1 ("DOE 1") is a Supervisor with the SBCS. He maintained this position at all times relevant to these claims.  In doing the things alleged herein, DOE 1, acted under color of state law, and within the course and scope of his employment.

11.     Defendants DOES 1 through 50 are not known or identified at this time.  On information and belief, Plaintiff alleges that each DOE is in some manner responsible for the wrongs alleged herein, and that each such Defendant advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein.  When true names and capacities of said Defendants become known, Plaintiff will seek relief to amend this Complaint to show their true identities in place of the fictitious names as DOES 1 through 50.  Defendants, and each of them, were agents, employees and servants of every other Defendant. Defendants acted in the course and scope of said agency, service and employment at all relevant times.

12.     At all times herein mentioned, Defendants, McMAHON, THEIS, GRISHOW, and DOES 1-48, inclusive, and each of them, were, at all relevant times herein, employees of the COUNTY.

13.     At all times relevant, each individual Defendant was acting within the course and scope of their employment as law enforcement officers of the COUNTY/SBCSD, and under color of state law, and as the employee, agent and representative of each and every other Defendant.  As such, Plaintiff sues each and every individual Defendant in both their individual and official capacities.

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

14.     Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused Plaintiff's injuries and damages as herein alleged.  The true names and capacities of DOES 1 through 50, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same has been ascertained.

15.     Defendants COUNTY, SBCSD, FONTANA, McMAHON, THEIS, GRISHOW, and DOES 1 through 48, inclusive are collectively referred to herein as "Defendants".

16.     Defendants, and each of them, did the acts and omissions alleged herein with knowledge that their conduct violated well established and settled law.

17.     Plaintiff is required to and has complied with California's Government Tort Claims Act and all applicable claims statutes by filing such a claim with the COUNTY/SBCSD and FONTANA within six (6) months from the date of injury. Plaintiff timely submitted claims to all applicable governmental entities. Plaintiff received notice of rejection of the FONTANA claim on or about February 5, 2019.  Plaintiff received notice of rejection of the COUNTY/SBCSD claim on or about February 27, 2019.

## GENERAL ALLEGATIONS

18.     On Saturday, August 4, 2018, Plaintiff attended the Event at the Fontana Speedway.

19.     As expected, the Event, hosted at an outdoor venue, was very loud given the large crowd with live music.

20.     LIVE NATION advertised that "free water stations" were located throughout the Event venue and available to everyone in attendance.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

21.     As Plaintiff began to enter the Event venue, he approached what he believed to be one of the "free water stations." Plaintiff retrieved a 16-ounce plastic water bottle and began to walk into the venue.  Plaintiff did not observe any signs indicating that the water bottle he retrieved was not "free" as previously advertised by LIVE NATION.

22.     After walking about 10-15 feet, and without any warning, Plaintiff was tackled from behind by SBCSD Deputy, GRISHOW, (Badge No.: 62482). Due to the excessive and unnecessary force inflicted by GRISHOW, Plaintiff suffered a severe ankle sprain and broken right metatarsal bone in his foot.

23.     Immediately after violently tackling Plaintiff to the ground, GRISHOW asked Plaintiff, without any probable cause, "where are your drugs? I know you have drugs, and it will be easier for you if you give me your drugs."

24.     GRISHOW placed Plaintiff under arrest and took him to a booking tent at the Event.  Plaintiff informed law enforcement personnel that he needed immediate medical attention because his foot was badly injured due to the actions of Defendants.

25.     Despite the obvious injuries to Plaintiff's foot and ankle, neither GRISHOW nor DOES 1 through 48 ever sought medical treatment for Plaintiff. Defendants' conduct is even more egregious because the Event advertised "free medical care," and had medical professionals located at the venue.

26.     Several officers named herein as DOES 1 through 48, who were present at the Event booking tent were on notice of Plaintiff's injury. Surprisingly absent from the SBCSD Arrest/Booking Application (Booking No.: 1808340532; DR/Case No.: 031802094) is any mention of Plaintiff's obvious and significant injury.

27.     Rather than provide medical treatment to Plaintiff, one officer responded to Plaintiff's injuries by telling him to "man up," (meaning that he should endure the pain and not complain).

28.     A second officer told Plaintiff that if he didn't say anything he would be released quickly, but if he continued to complain and request medical treatment, he would be in jail for a longer period of time.

29.     A third officer, who was not a physician, asked Plaintiff to walk for him so he could render a "medical" determination if Plaintiff was in fact injured. Plaintiff did as the third officer asked, however, as Plaintiff attempted to walk, he felt excruciating pain in his right foot.

30.     Despite Plaintiff's obvious and significant injuries, he was never provided any medical treatment. Rather, he was taken to the West Valley Detention Center ("WVDC") and placed in a holding cell with other inmates.

31.     At WVDC, Plaintiff was able to get the attention of a tall Caucasian male law enforcement officer who was working nearby.  Plaintiff informed the law enforcement officer that his right foot was badly injured, and that he needed immediate medical attention.  Rather than provide Plaintiff medical care, the officer looked at Plaintiff, said nothing, and completely ignored his plea for help.

32.     Plaintiff was taken from the holding cell by a male Hispanic law enforcement officer with a shaved haircut to be fingerprinted and photographed. Once again, Plaintiff advised the officer that his right foot was in excruciating pain, and that he needed immediate medical attention.  Once again, Plaintiff was refused medical treatment and the officer informed Plaintiff that he could be taken for treatment or he could say nothing and go back to his jail cell and would be released a whole lot quicker.

33.     After that, it became obvious to Plaintiff that he would not receive any medical treatment for his injuries. He also noticed he was starting to draw the attention of other inmates because of the injury to his foot. So rather than risk retaliation from the officers or being attacked by other inmates, Plaintiff decided to remain quiet.

/ / /

34.     By the morning of Saturday, August 5, 2018, the pain in Plaintiff's foot had become unbearable. When he was released that morning, Plaintiff could not walk and had to be assisted out of the facility by two other inmates who were being released at the same time.

35.     Defendants, and each of them, ignored, dismissed and/or rejected Plaintiff's repeated pleas for medical attention while he was in custody.

36.     Shortly after Plaintiff's release, Sergeant THEIS met with Plaintiff and his parents at the SBCSD, Fontana substation, to discuss the events as they occurred and to provide an explanation as to why no medical treatment was ever provided to Plaintiff despite the obvious injuries to his foot and ankle.

37.     Upon observing Plaintiff's injuries, Sergeant THEIS ironically appeared concerned for Plaintiff's well-being, and spontaneously stated "the most important thing right now is to get him [Plaintiff] medical attention."

38.     Plaintiff left the SBCSD, Fontana substation, and sought medical treatment at Children's Hospital of Orange ("CHOC") and Adult and Pediatric Orthopedic Specialists for his injured right foot and ankle. Following x-rays and a medical examination, it was determined Plaintiff had sustained a severe ankle sprain and broken metatarsal bone in his right foot.

39.     After his arrest, Plaintiff was charged with violating *Cal. Penal Code* §484(a), petty theft.

40.     Following the incident, Plaintiff was distressed to learn that GRISHOW lied in his report and interview after the incident in an effort to conceal his abusive tactics and excessive use of force over the alleged taking of a 16-ounce plastic water bottle at an Event that advertised "free water stations." GRISHOW's statements directly contradict evidence within the Arrest/Booking Application (Booking No.: 1808340532; DR/Case No.: 031802094), as well as the testimony of several eyewitnesses.

/ / /

41.     On December 21, 2018, a disposition of dismissal/stricken – *Cal. Penal Code* §§1377 and 1378 compromise of *Cal. Penal Code* §484(a), for a violation of petty theft was entered by Hon. Rafael Arreola in Department R10 of the San Bernardino Superior Court - Rancho Cucamonga.

42.     Due to Defendants' use of excessive force and deliberate indifference to Plaintiff's rights, he suffered a severe ankle sprain and broken metatarsal bone in his right foot. Plaintiff also suffered through excruciating pain and emotional distress due to Defendants' failure to provide any medical treatment to Plaintiff while he was in custody overnight.

43.     During the entire incident, Plaintiff was unarmed, defenseless, and made no furtive movements or gestures whatsoever.

44.     The Defendants' unreasonable, excessive, and deliberately indifferent treatment of Plaintiff caused him to fear for his life and caused serious physical and emotional injury.

45.     Defendants, and each of them, were employed as law enforcement officers for the SBCSD and were acting under color of state law.

46.     The Defendants' actions were reckless and deliberately indifferent to Plaintiff's federal and state constitutional rights.

47.     The use of force against the Plaintiff was the result of a policy, practice and custom of the SBCSD to inadequately supervise and discipline law enforcement officers who use excessive force.

48.     The lack of medical treatment provided to Plaintiff while in custody was the result of the policy, practice and custom of the SBCSD.

49.     The inadequate supervision and discipline of Sheriff's deputies by the COUNTY/SBCSD led to the unnecessary and illegal use of excessive force exerted against Plaintiff.

/ / /

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

50.    The SBCSD Deputies' failure to seek and provide any reasonable medical attention to Plaintiff while in custody was the result of inadequate supervision and discipline by the COUNTY/SBCSD.

51.    The policy, practice and custom of the COUNTY/SBCSD is that when deputies use excessive force, other officers do not intervene to prevent the illegal force, do not arrest the officer engaging in the illegal activity, and do not report the illegal activity.

52.    The policy, practice and custom of the COUNTY/SBCSD is that when deputies have an injured individual in custody that warrants medical attention, officers do not render and/or provide appropriate medical attention, and do not report the injuries sustained while in custody.

53.    The policy, practice and custom of the COUNTY/SBCSD with respect to allegations of excessive force reported by citizens, is to conduct a minimal investigation designed to exonerate the officer involved rather than to discover the true facts of the incident.

54.    The policy, practice and custom of the COUNTY/SBCSD with respect to allegations of not providing warranted medical attention to those in custody, is to conduct a minimal investigation designed to exonerate the officer involved rather than to discover the true facts of the incident.

55.    As a result of this code of silence adhered to by the SBCSD Deputies and the inadequate investigation of the allegations of the use of excessive force, deputies reasonably conclude that their excessive force will not result in discipline, termination, or criminal prosecution against them.

56.    As a result of this code of silence adhered to by the SBCSD Deputies and the inadequate investigation of the allegations of not rendering warranted medical attention to those in custody, deputies reasonably conclude that their refusal to render and/or provide medical attention will not result in discipline, termination, or criminal prosecution against them.

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

57.    The above policies and practices have resulted in a culture of violence in which excessive force is an accepted and customary part of police work in the COUNTY/SBCSD.

58.    The above policies and practices have resulted in a culture of SBCSD Deputies dismissing warranted medical attention to those in custody as an accepted and customary part of police work in the COUNTY/SBCSD.

## INCORPORATION BY REFERNCE

59.    Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 58, inclusive, of this Complaint, and by reference incorporates the same into each cause of action hereinafter alleged.  Plaintiff also sues each and every individual Defendant named in this Complaint in both their individual and official capacities.

## FIRST CAUSE OF ACTION
## DEPRIVATION OF CIVIL RIGHTS
## [42 U.S.C. §1983]
(*Against Defendant GRISHOW, and DOES 1-25, inclusive*)

60.    Commencing at or about August 4, 2018, without cause or justification, and acting under color of law, Defendants GRISHOW and DOES 1 through 25, and each of them, intentionally and maliciously deprived Plaintiff of the rights secured to him by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to unreasonable, unnecessary and excessive force during an arrest even though no strong government interest compelled the need for the officers to use force, including but not limited to the following:

a.    Defendant, GRISHOW, used deadly force even though Plaintiff had not committed a serious crime and did not pose any threat of death or serious physical injury to the officers or to others;

11

b.      Defendant, GRISHOW, blindside tackled Plaintiff even though Plaintiff was unarmed and was slowly walking about 10-15 feet away from retrieving a 16-ounce plastic water bottle; all the while Plaintiff was attempting to comply with the sudden, confusing and conflicting orders of GRISHOW.

c.      The force used by Defendant was unreasonable, unnecessary and excessive because it was applied to Plaintiff without any warning. Rather, GRISHOW blindside tackled Plaintiff with such force that Plaintiff was lifted up and thrust forward and onto the ground. Defendants' actions were likely to cause and did cause serious injuries to Plaintiff for what GRISHOW believed was the alleged theft of a 16-ounce plastic water bottle at an Event that advertised "free water stations."

d.      Plaintiff did not and could not have posed a threat to GRISHOW at the time Plaintiff was subjected to GRISHOW's excessive use of force because Plaintiff was walking away with only a 16-ounce plastic water bottle in his hand.  Further, when Plaintiff was unexpectedly tackled from behind by GRISHOW, Plaintiff was in a position of submission, and had no weapon in his possession or on his person justifying the use of force against him.

61.    At all times during the events described herein, Defendants GRISHOW and DOES 1 through 25 and each of them assisted each other in performing the various action described and lent physical presence and support and authority of their office to each other during the event and engaged in a conspiracy to cover up the excessive use of force.

62.    The unreasonable use of deadly force by Defendants GRISHOW and DOES 1 through 25 and each of them, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures and cruel and unusual punishment as guaranteed to Plaintiff under the Fourth and Eighth Amendments to the United States Constitution and applied to state actors by the Fourteenth Amendment.

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

63.     As a direct and proximate result of Defendants' acts and/or omissions as described herein, Plaintiff endured extreme pain and suffering, significant physical injuries, incurred medical bills for medical care services necessary to treat those injuries, and continues to experience pain and suffering from the injuries he sustained by Defendants, and each of them, in an amount to be proven at trial.

64.     The aforementioned actions of Defendants were committed by each of them knowingly, willingly and maliciously, with the intent to harm, injure, vex, harass, and oppress Plaintiff, with a conscious disregard of Plaintiff's constitutional rights and deliberate indifference to the risk of significant injuries to Plaintiff.  By reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants in amount appropriate to punish and make an example of Defendants.

## SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS
## [42 U.S.C. § 1983]
### (*Against Defendant GRISHOW, and DOES 1-25, inclusive*)

65.     Plaintiff has a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference with his person.

66.     As a result of the excessive force by Defendants, GRISHOW, and DOES 1 through 25 and each of them, Plaintiff suffered serious physical injuries which were exacerbated by Defendants' failure to intervene and render medical care.  Defendants' actions interfered with and permanently deprived Plaintiff of his constitutional rights to be free from such injury.

67.     As a direct and proximate result of Defendants' actions as described herein, Plaintiff unnecessarily endured extreme pain and emotional suffering, sustained a serious physical injury, incurred medical bills for medical care services

13

necessary to treat those injuries, and continues to experience pain and suffering from the injuries he sustained at the hands of Defendants, and each of them, in an amount to be proven at trial.

68.     Defendants' actions, along with other undiscovered conduct, shock the conscience, as they acted with conscious and deliberate indifference to Plaintiff's constitutional rights, and with the purpose of depriving him of such rights, unrelated to any legitimate law enforcement objective.

69.     Defendants, and each of them, committed the aforementioned acts knowingly, willfully and maliciously, and with the intent to harm, injure, vex, harass, and oppress Plaintiff, with a conscious disregard of Plaintiff's known rights. By reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants in amount appropriate to punish and make an example of Defendants.

**THIRD CAUSE OF ACTION**
**SUPERVISOR LIABILITY**
**[42 U.S.C. §1983]**
(*Against Defendants McMAHON, THEIS, and DOES 1-25, inclusive*)

70.     While acting under color of state law as a Supervisor in the SBCSD, Defendants McMAHON, THEIS and DOE #1, knew or reasonably should have known that his/their subordinates, including GRISHOW and DOES 2 through 25, were engaging in the unlawful acts as alleged herein and that their subordinates' conduct was depriving Plaintiff of his constitutional rights.

71.     In doing the acts as alleged herein, Defendants McMAHON, THEIS and DOE #1 inadequately trained, supervised and controlled their subordinate Deputies, Defendants GRISHOW and DOES 2 through 25; as they acquiesced in the deprivation of Plaintiff's constitutional rights and their subordinate Deputies' use of excessive, unreasonable, unnecessary and excessive force; and acted in a manner that showed a reckless and callous indifference to the rights of others, specifically Plaintiff.

14

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

72.     As a direct and proximate result of the actions and conduct described herein, Defendants McMAHON, THEIS and DOE #1, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures and cruel and unusual punishment as guaranteed to Plaintiff under the Fourth and Eighth Amendments to the United States Constitution and applied to state actors through the Fourteenth Amendment.

73.     As a direct and proximate result of the acts and omissions of Defendants McMAHON, THEIS and DOE #1, Plaintiff endured extreme pain and emotional suffering, suffered a serious physical injury, incurred medical bills for health care services necessary to treat those injuries, and continues to experience pain and suffering from the injuries he sustained at the hands of Defendants, and each of them, in an amount to be proven at trial.

74.     Defendants McMAHON, THEIS and DOE #1 committed the aforementioned acts and omissions knowingly, willfully and maliciously, and with the intent to harm, injure, vex, harass, and oppress Plaintiff, with a conscious disregard of Plaintiff's known rights.  By reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants in amount appropriate to punish and make an example of Defendants.

### **FOURTH CAUSE OF ACTION**
### *MONELL* **CLAIM - UNLAWFUL CUSTOM AND PRACTICE**
### **[42 U.S.C. § 1983]**
(*Against COUNTY, SBCSD, FONTANA, McMAHON, THEIS and DOES 26-48*)

75.     Plaintiff is informed and believes, and based thereon alleges, that on August 4, 2018, and for some time prior thereto, Defendants COUNTY, SBCSD, FONTANA, McMAHON, THEIS, and DOES 26 through 48, inclusive, with deliberate indifference towards the civil rights of persons residing in or passing through the COUNTY, knowingly and willfully did maintain, enforce, and apply a custom, practice, policy and usage tending to encourage, promote, sanction,

tolerate and ratify the abuse of authority, and the use of unreasonable, unnecessary and excessive force by law enforcement personnel they employed in the SBCSD.

76.    At all times herein mentioned, Defendants COUNTY, SBCSD, McMAHON, THEIS, and DOES 26 through 48, and each of them, were employees acting under Defendant COUNTY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices, and usages in violation of the Fourth, and Fourteenth Amendments of the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment, and retention of persons as peace officers who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace officers in the employment of the COUNTY.

77.    Defendants COUNTY, SBCSD, FONTANA, McMAHON, THEIS, and DOES 26 through 48, inclusive, have demonstrated their deliberate indifference to widespread law enforcement abuses by failing and refusing to impartially investigate personnel complaints, failing to discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence.

78.    The policies, practices or customs promulgated, sanctioned or tolerated by Defendants COUNTY, SBCSD, FONTANA, McMAHON, THEIS, and DOES 26 through 48 include, but are not limited to:

a.    Hiring and retaining law enforcement personnel who lack sufficient mental, emotional and intellectual character, temperament, capacity or disposition to exercise sound judgment when exercising their authority as peace officers;

b.    Failing to adequately train and educate officers and employees in the use of reasonable and proper force and failing to enforce written regulations with respect to the use of force;

c.      Failing to adequately train and educate officers and employees in offering and providing necessary medical attention to detainees and arrestees and failing to enforce written regulations with respect to medical care to ensure the well-being of its detainees and arrestees;

d.      Despite having knowledge of repeated allegations and instances of abuse and assaultive misconduct towards arrestees and detainees by its officers and employees, failing or refusing to take any reasonable steps to investigate or discipline acts of abuse, dishonesty and prevarication;

e.      Despite having knowledge of instances of abuse and misconduct by its officers and employees, failing or refusing to enforce established administrative procedures to ensure the safety of detainees and arrestees;

f.      Failing to adequately monitor and supervise the actions of officers and employees under their control and guidance;

g.      Failing to enforce the written regulations with respect to the laws and procedures of arrest, and refusing to re-train officers who arrested citizens without probable cause and who used arrests as punishment for perceived contempt of cop.

h.      Refusing to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by officers and employees;

i.      Refusing to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

j.      Rewarding officers and employees who displayed aggressive and abusive behavior towards detainees and arrestees;

k.      Reprimanding, threatening, intimidating, demoting and firing officers and employees who reported acts of abuse;

/ / /

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

l.      Condoning and encouraging a conspiracy of silence among their officers and employees for the purpose of concealing and furthering wrongful and illegal conduct;

m.      Fostering and encouraging an atmosphere of lawlessness, abuse, and unconstitutional misconduct that encouraged officers to believe that improper arrests, the excessive and improper use of force, denying warranted medical attention to detainees and arrestees, the submission of false police reports, and the commission of perjury was permissible and would be tolerated, and to believe that the unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other ramifications.

79.      Defendants knowingly and willfully maintained, enforced, and applied a custom, practice, policy and usage tending to encourage, promote, sanction, tolerate and ratify the abuse of authority, and the use of unreasonable, unnecessary and excessive force by law enforcement personnel they employed in the SBCSD.  As a result, the COUNTY, FONTANA, and the SBCSD failed to discipline, prosecute, or objectively and/or independently investigate or reasonably respond to, known incidents and complaints of excessive and improper use of force, false arrest, falsification of evidence, the preparation of false police reports to justify, cover up and conceal wrongful conduct by its Deputies.  Defendants demonstrated a deliberate indifference to the illegal conduct by their failure to adequately train and closely supervise or re-train officers and/or discipline or recommend prosecution of those officers who improperly used such force, falsified evidence, submitted false and misleading police reports and/or committed perjury.

80.      Defendants, and each of them, also failed to investigate complaints of previous incidents of excessive and improper use of force, improper denial of medical attention to detainees and arrestees, the filing of false police reports to conceal such misconduct, the falsification of evidence and perjury.  Defendants instead officially claimed that such incidents were justified and proper.

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

81.     Defendants, and each of them, evidenced a deliberate indifference to the violations of the constitutional rights of Plaintiff by a systemic failure to change, correct, revoke or rescind said policies, procedures, customs and practices in light of prior knowledge of indistinguishably similar incidents of excessive and improper use of force, improper denial of warranted medical attention to its detainees and arrestees, falsification of evidence, submission of false police reports and perjury.

82.     Defendants, and each of them, demonstrated a deliberate indifference to the civil rights of detainees and other victims of unlawful arrest, improper denial of warranted medication attention, falsified evidence, false and misleading police reports, and perjurious testimony by ignoring the history and pattern of prior civil lawsuits alleging civil rights violations arising from such misconduct and the related payment of damages to such individuals.

83.     Defendants, and each of them, demonstrated a deliberate indifference to Plaintiff due to an inadequate system to track and monitor excessive use of force claims or to ensure that the medical condition of detainees and arrestees were evaluated and addressed while in custody.  Defendants failed to conduct an objective investigation of claims of false and unlawful arrests, improper denial of warranted medical attention to its detainees and arrestees, falsification of evidence, submission of false police reports and perjury.

84.     Other systemic deficiencies which evidence a deliberate indifference to civil rights violations by Deputies of the SBCSD include:

a.     Preparation of investigative reports designed to vindicate and/or justify excessive and improper use of force;

b.     Preparation of investigative reports which uncritically rely solely on the word of SBCSD Deputies involved in unlawful arrests and/or improper use of force which systematically fail to credit testimony by non-officer witnesses;

       c.     Preparation of investigative reports which omit physical evidence contradicting the actual harm inflicted upon detainees and arrestees and/or the accounts of the officers involved;

       d.     Preparation of investigative reports which omit reported physical injuries of detainees and arrestees within the custody of Defendants;

       e.     Failure to maintain centralized department-wide systems for the tracking and monitoring of tort claims and lawsuits alleging false arrests, excessive and improper use of force, improper denial of warranted medical attention to detainees and arrestees within its custody, perjury, abuse of authority, and other similar misconduct by individual officers so as to identify those officers who engage in a pattern of abuse of law enforcement authority and law enforcement misconduct.

85.    Defendants, and each of them, also maintained a system of grossly inadequate training pertaining to lawful arrests, reasonable use of force, providing warranted medical attention to detainees and arrestees in their custody, law enforcement ethics, testifying in trial and perjury, the collection of evidence and witnesses, and the preparation of police reports.

86.    Defendants, and each of them, demonstrated their deliberate indifference to the victims of the SBCSD's unlawful arrests, excessive and improper uses of force, improper denial of warranted medical attention, and perjury by failing to implement an officer discipline system which would conduct meaningful and independent investigations of citizen complaints of excessive force, improper denial of warranted medical attention, falsified evidence, authoring and filing of false and misleading police reports, and the presentation of false testimony at trial.

87.    The foregoing acts, omissions, and systematic deficiencies are policies and customs of Defendants, and each of them, which caused, permitted and/or allowed under official sanction Defendants GRISHOW, and DOES 26 through 48,

inclusive, to believe that excessive and improper use of force, improper denial of warranted medical attention, evidence falsification, false arrests and the filing of false and misleading police reports, and the commission of perjury would not objectively, thoroughly and/or properly investigated, all with the foreseeable result that Deputies would improperly use force on arrestees, improperly deny warranted medical attention on detainees and arrestees, falsify evidence, abuse and improperly punish post-arrest detainees, submit false and misleading police reports, and commit perjury, and thereby violate the civil rights of the citizens of this State with whom said officers would come into contact.

88.    Plaintiff was deprived of his rights under the Fourth, and Fourteenth Amendments to the United States Constitution by the actions, conduct and policies of Defendants, and each of them.

89.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered extreme physical pain and emotional suffering, serious physical injuries, incurred bills for medical care services necessary to treat those injuries, and continues to experience pain and suffering from the injury he sustained at the hands of Defendants, and each of them, in an amount to be proven at trial.

90.    Defendants, and each of them, committed the aforementioned acts and omissions knowingly, willfully and maliciously, and with the intent to harm, injure, vex, harass and oppress Plaintiff and with conscious disregard to Plaintiff's known rights and with deliberate indifference to the risk of injury to Plaintiff.  By reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants in amount appropriate to punish and make an example of Defendants.

### FIFTH CAUSE OF ACTION
### ASSAULT AND BATTERY
(*Against All Defendants, Except LIVE NATION*)

91.    Defendants, without provocation, warrant, necessity, or legal justification, assaulted and battered Plaintiff by unreasonably, unnecessarily, and

unjustifiably tackling him from behind, without notice, and subjected Plaintiff to verbal threats and unnecessary, unreasonable and excessive force and violence, thereby causing Plaintiff's injuries as described herein.

92.    Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants, COUNTY, SBCSD, FONTANA, McMAHON, THEIS, and DOES 26 through 48, and each of them, are responsible for implementing, maintaining, sanctioning, ratifying and/or condoning a policy, custom, or practice under which the individual Defendants committed the aforementioned illegal and wrongful acts.

93.    Defendants, COUNTY, SBCSD, FONTANA, McMAHON, THEIS, and DOES 26 through 48, and each of them, are vicariously liable for the injuries and damages to Plaintiff because they knew or should have known of the customs, practices, policies and acts of the individual Defendant police officers who caused Plaintiff's injuries, and authorized and acquiesced in such customs, practices and policies and the commission of such acts.

94.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered serious physical injuries and emotional distress, and incurred bills for medical care services necessary to treat those injuries, in an amount to be proven at trial.

95.    Defendants, and each of them, committed the aforementioned acts and omissions knowingly, willfully and maliciously, and with the intent to harm, injure, vex, harass and oppress Plaintiff and with conscious disregard to Plaintiff's known rights and with deliberate indifference to the risk of injury to Plaintiff.  By reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants in amount appropriate to punish and make an example of Defendants.

/ / /

/ / /

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## SIXTH CAUSE OF ACTION
### NEGLIGENCE
(*Against All Defendants, Except LIVE NATION*)

96.    Defendants were charged with the duty to protect, serve, and ensure the safety of the citizens of, and those physically present in, the COUNTY. Defendants were also charged with a duty to use good judgment and to follow sound police practices, to not unreasonably increase the risk of harm to Plaintiff, and to reasonably render medical aid and/or seek medical attention to diagnose and treat injuries suffered by Plaintiff.

97.    Defendants, and each of them, breached these duties by negligently, carelessly, and/or recklessly failing to employ reason and restraint, effective communication techniques, proper control holds, and other similar methods inherent in their employment and training that were available to them, to ensure Plaintiff's safety.  Defendants used improper tactics against Plaintiff and escalated the use of force without need and/or provocation that substantially increased the risk of harm to Plaintiff.

98.    Defendants carelessly, unreasonably, unnecessarily, and unjustifiably rendered a blindside tackle on Plaintiff for allegedly stealing a 16-ounce plastic water bottle at the Event that advertised "free water stations," which resulted in Plaintiff suffering a severe ankle sprain and broken right foot metatarsal.

99.    Defendants further breached their duties to Plaintiff by failing to render any medical aid or seek medical attention during Plaintiff's detainment despite Plaintiff's numerous requests for medical attention.  Defendants, and each of them, ignored, dismissed, and/or rejected Plaintiff's requests for medical attention while he was in the custody of Defendants exacerbating Plaintiff's injuries, and increasing his emotional distress.

100.   Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants, COUNTY, SBCSD, FONTANA, McMAHON, THEIS, and DOES 26 through 48, and each of them, are responsible for

23

implementing, maintaining, sanctioning, ratifying and/or condoning a policy, custom, or practice under which the individual Defendants committed the aforementioned illegal and wrongful acts.

101.   Defendants, COUNTY, SBCSD, FONTANA, McMAHON, THEIS, and DOES 26 through 48, and each of them, are vicariously liable for the injuries and damages to Plaintiff because they knew or should have known of the customs, practices, policies and acts of the individual Defendant police officers who caused Plaintiff's injuries, and authorized and acquiesced in such customs, practices and policies and the commission of such acts.

102.   As a direct and proximate result of Defendants' actions, Plaintiff suffered extreme physical pain and emotional distress, serious physical injuries, incurred bills for medical care services necessary to treat those injuries, and continues to experience pain and suffering from the injury he sustained at the hands of Defendants, and each of them, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
(*Against LIVE NATION and DOES 49-50*)

103.   Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, made the following representations:

a.   The purchase of a ticket to the Event entitled Plaintiff to enter the Event venue, which would include "free water stations" available to everyone in attendance.;

b.   There was no charge for the water at the "free water stations" available at the Event; and

c.   The "free water stations" would be available throughout the Event venue.

/ / /

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

104.   Contrary to the false, untrue and inaccurate representations made by said Defendants, and each of them, as herein above alleged, the true facts, which were first discovered by Plaintiff, were and are:

a.      The "free water" offered at the Event was only available at limited locations within the venue;

b.      The "free water stations" were not clearly marked and/or not clearly differentiated from venders actively selling bottled water;

c.      The "free water stations" were interspersed with venders actively selling bottled water; and

d.      The "free water stations" did not include bottled water.

105.   The representations and warranties made by the Defendants, and each of them, were false and inaccurate when made, and were made with reckless disregard for their truth and accuracy.

106.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knew or should have known that the representations and warranties made by them concerning the "free water stations" were inaccurate at the time they were made, in light of the information available to said Defendants at the time the representations and warranties were made.  Said representations and warranties were therefore made by Defendants with reckless disregard for their accuracy and with no reasonable basis for believing them to be true and accurate.

107.   Plaintiff relied on the representations and warranties of said Defendants, and each of them, in retrieving what he thought was a free bottle of water in the manner intended and instructed by said Defendants and was justified in doing so because of the representations and warranties by said Defendants which lulled Plaintiff into retrieving a bottle of water under the reasonable assumption that the water was "free".  Plaintiff was ignorant of the falsity and inaccuracies of the representations and warranties made by said Defendants, until he was tackled and arrested by the SBCSB.

108.   As a direct and proximate result of Defendants' actions, Plaintiff suffered extreme physical pain and emotional distress, serious physical injuries, incurred bills for medical care services necessary to treat those injuries, and continues to experience pain and suffering from the injury he sustained at the hands of Defendants, and each of them, in an amount to be proven at trial. Plaintiff also incurred legal expenses to defend the criminal charges levied against him as a result of the actions of Defendants.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF TOM BANE CIVIL RIGHTS ACT
### [Cal. Civ. Code, §§ 51, 51.7, 52, 52.1]
(*Against All Defendants, Except LIVE NATION and DOES 49-50*)

109.   Defendants, while acting in the course and scope of their employment as SBCSD Deputies, and under the color of state law, did deprive Plaintiff of his liberty and rights secured to him under the Fourth and Fourteenth Amendments to the United States Constitution, by Article 1, §13 of the California Constitution and Civil Code §51.7, to be free from violence and intimidation, by knowingly and willfully, and without warrant or legal justification and for the purpose of harassing, intimidating, humiliating and inflicting injury, pain, and suffering upon Plaintiff, did assault, batter, and harm Plaintiff, subjecting Plaintiff to threats of violence and unnecessary, unreasonable and excessive force and denial of warranted medical attention.

110.   At all material times Defendants knew or reasonably should have known, their actions were all without provocation, warrant, necessity or legal justification, thereby causing serious injuries to Plaintiff.

111.   As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered serious physical injuries and emotional distress, and incurred bills for medical care services necessary to treat those injuries, in an amount to be proven at trial.

112.    Defendants, and each of them, acted knowingly, willfully and maliciously, and with the intent to harm, injure, vex, harass and oppress Plaintiff, with conscious disregard to Plaintiff's known rights, and with deliberate indifference to the risk of injury to Plaintiff.  By reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants in amount appropriate to punish and make an example of Defendants.

## PRAYER

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as follows:

**AS TO EACH CAUSE OF ACTION AS APPLICABLE**

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For exemplary damages as provided by law, in an amount to be proved against each individual Defendant;

4.    For civil penalties pursuant to Cal. Civil Code § 52;

5.    For attorney's fees pursuant to 42 U.S.C. §1988 and Cal. Civil Code §§ 52 and 52.1;

6.    For Costs of suit; and

7.    For such other and further relief as the Court may deem just and proper.


Dated:  July 25, 2019                          **GEORGGIN & GEORGGIN**

_____
A. Nicholas Georggin
Steven D. Sperling
Attorneys for Plaintiff,
CAMERON ROBERT LOPEZ

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## __DEMAND FOR JURY TRIAL__

Plaintiff, CAMERON ROBERT LOPEZ hereby demands a trial by jury.

Dated: July 25, 2019

**GEORGGIN & GEORGGIN**

A. Nicholas Georggin
Steven D. Sperling
Attorneys for Plaintiff,
CAMERON ROBERT LOPEZ

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**